OF THE

# TERRITORY OF ARIZONA

DURING THE YEAR 1908.

[Criminal No. 245.   Filed March 27, 1908.]

[94 Pac. 1108.]

H. J. GROCE, Defendant and Appellant, v. TERRITORY OF ARIZONA, Plaintiff and Appellee.

1. CRIMINAL LAW—MURDER—INSANITY—EVIDENCE.—On a trial of defendant for murdering his wife, he having pleaded insanity, defendant having testified that he had spent much money in trying to get his wife to return to him, his rejected testimony that he consulted a palmist and employed a woman in Indiana to come to Arizona to induce his wife to return, on such woman's representations that she could bring about such return, was admissible, it being the rule that when insanity is the issue, while no single act can be decisive, any act whatever may be significant to some extent, and any and all conduct of the person is admissible in evidence without restriction as to the kind of conduct.

2. APPEAL AND ERROR—HARMLESS ERROR—INSANITY—REJECTED EVIDENCE.—Where, on the trial of defendant for murder of his wife, no other evidence of insanity was offered except rejected offer of proof that defendant had consulted a palmist and employed a woman in Indiana to come to Arizona to induce his wife to return, on such woman's representation that she could bring about such return, the rejection of such proof, while technically erroneous, was not prejudicial and was mere harmless error.

3. CRIMINAL LAW—EVIDENCE—UNCOMMUNICATED CRIMINAL ACTS—INADMISSIBLE.—Evidence of criminal intimacy between the wife and another, not shown to have been communicated to defendant being tried for murder of said wife, is inadmissible.

4. TRIAL—JURY—DISCRIMINATION AGAINST NEGRO—CONSTITUTIONAL LAW.—Where a negro was being prosecuted for murder, several persons of African descent were upon the panel of trial jurors, and two, at least, were actually drawn in the box upon defendant's trial

XII Ariz.—1

and subsequently excused upon challenges duly exercised. No claim was made that either by statute or in the actual drawing and impaneling of either jury any discrimination against persons of African descent was made and. no evidence of that fact. *Held,* that no constitutional rights of defendant were violated because the grand jury which returned the indictment contained no man of African blood upon it, and because the trial jury as ultimately chosen likewise contained no man of African blood.

5. TRIAL—CRIMINAL LAW—MURDER—MANSLAUGHTER—INSTRUCTIONS TO JURY.—It was not error for the court to refuse to instruct the jury as to manslaughter where the evidence in the case did not justify the submission of the question to the jury.

6. APPEAL AND ERROR—RECORD—REVIEW—SCOPE.—An assignment of error that improper remarks were made by the district attorney will not be considered where the matter complained of is not presented by bill of exceptions and does not appear otherwise in the record.

APPEAL from a judgment of the District Court of the First Judicial District, in and for the County of Pima. John H. Campbell, Judge. Affirmed.

The facts are stated in the opinion.

Worsley & Drachman, for Appellant.

In support of a defense of insanity, the conduct of defendant, as well as what he might have said or did say, is clearly admissible as tending to show the condition of his mind shortly before the alleged committal of this murder. *Tatham* v. *Wright,* 6 Nev. & M. 132-146. As *indicia* of the mental condition, not only the acts, but the conversations, exclamations and declarations of the person may be shown. *State* v. *Wright,* 112 Iowa, 436, 84 N. W. 541. In all cases involving the question of mental capacity, it is competent to go into the minutest details of the personal history of the individual. *Blume* v. *State,* 154 Ind. 343, 56 N. E. 771; *United States* v. *Holmes,* 1 Cliff. 109, Fed. Cas. No. 15,382; *Rouch* v. *Zehring,* 59 Pa. 78; *Irish* v. *Smith,* 8 Serg. & R. 578, 11 Am. Dec. 648; *People* v. *Garbutt,* 17 Mich. 9-16, 97 Am. Dec. 162; *Hopps* v. *People,* 31 Ill. 385-388, 83 Am. Dec. 231; *Bower* v. *Bower,* 142 Ind. 194, 41 N. E. 523; 1 Greenleaf on Evidence, sec. 42; Wigmore on Evidence, 78, sec. 228.

E. S. Clark, Attorney General, for Respondent.

KENT, C. J.—The appellant, a negro, was convicted of murder in the first degree. The victim was his wife. The homicide was not denied; the defense, as we gather from the briefs, being that of insanity at the time of the commission of the act. No testimony as to such mental condition other than that of the appellant himself was introduced, and his testimony seems to afford no ground for such claim, except in so far as his threats to commit suicide, and his subsequent attempt so to do, and his acts and appearance on the stand may have given color thereto. No claim was made, however, as to his insanity at the time of the trial. His evidence showed that he had had domestic difficulties with his wife, and that she had left him in Texas and had come to Arizona, whither he followed her, and then shot and killed her and attempted to kill himself. His evidence further showed that he had made repeated efforts to get his wife to return to his home, and that he was suspicious of her relations with another negro named Jenkins and jealous of him.

The rejection of certain testimony by the trial court is assigned as error. The appellant, after stating that he had spent much money in trying to get his wife to return to him, was not allowed by the court to testify that he consulted a palmist, and, further, that he employed a woman in Indiana to come to Arizona to induce his wife to return, on such woman's representations that she could bring about such return. The claim is that the evidence should have been allowed as bearing upon the mental condition of the appellant just prior to the homicide. When insanity is the issue, it may, of course, be evidenced by conduct, and the general well-accepted rule is that, while no single act can be decisive, any act whatever may be significant to some extent, and that, therefore, any and all conduct of the person is admissible in evidence without restriction as to the kind of conduct. Wigmore on Evidence, sec. 228. In strictness, therefore, the evidence offered was properly admissible. But that the rejection of such evidence was error calling for a reversal of the judgment and the granting of a new trial we cannot hold. The facts in themselves, if allowed in evidence, would not establish insanity, or afford ground for reasonable doubt of the appellant's sanity, and, in the absence of any other proof of mental condition, were not significant or material; and we conclude, therefore, that in the exclusion of such facts the appellant was not in this instance prejudiced. As

Professor Wigmore has said (section 228, *supra*) : ''No doubt a court is occasionally found excluding this or that piece of conduct; but such rulings, which cannot be defended on principle, are explainable usually as refusals to allow the incorrect expression to be given to the jury that the specific conduct raises a presumption of insanity or has special weight in that direction. Moreover, a court on appeal may properly enough refuse a new trial merely for the rejection below of conduct which was not especially significant; but such decisions are in strictness not rulings upon the admissibility of evidence.''

A witness for the defense was asked several questions tending to establish the alleged fact of criminal intimacy between the wife and one Jenkins, but not tending to show any communication thereof to the appellant, and the rejection of such testimony is assigned as error. The uncommunicated fact of such intimacy was of no relevancy, and the testimony was properly excluded.

It is next urged that because the grand jury which returned the indictment contained no man of African blood upon it, and because the trial jury as ultimately chosen likewise contained no man of African blood, the constitutional rights of the appellant were violated. The objection was raised for the first time on a motion in arrest of judgment, no objection having been made or exception having been taken to the panel of either jury prior to verdict. But, in any event, the error assigned is without foundation. There is no claim made that either by statute or in the actual drawing and impaneling of either jury any discrimination against persons of African descent was made, and no evidence of that fact. The fact that either or both of such juries did not actually contain a member of that race in itself affords no ground for complaint, unless it appears that in the drawing, selection or impaneling of the jury some discrimination because of race was exercised. Not only is there no evidence that such was the case, but, as appears from the record, several persons of African descent were upon the panel of trial jurors, and two, at least, were actually drawn into the box upon the impaneling of the particular trial jury in question and subsequently excused upon challenges duly exercised. The court instructed the jury as to the degrees of murder, but refused to instruct as to manslaughter, and this is assigned as error. We agree with the trial court that the evidence in the case

did not warrant the submission to the jury of the lesser degree of homicide contended for.

A reversal of the judgment is further urged on the ground of certain alleged improper remarks of the district attorney. The matter complained of is not presented, either by bill of exceptions, nor does it appear otherwise in the record. We may not therefore consider the assignment.

A careful examination of the whole record leads us to the conclusion that the conviction was had upon a fair trial, upon sufficient evidence, and that no reversible error appears in the record.

The judgment is therefore affirmed.

SLOAN, DOAN, and NAVE, JJ., concur.